

**ORDERED in the Southern District of Florida on July 16, 2020.**

*Scott M. Grossman*
_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| Roberto Rivera, | Case No. 19-26136-SMG |
|     Debtor. | |

_____/

| | |
|---|---|
| Frost Bank, | |
|     Plaintiff, | |
| v. | Adv. No. 20-1052-SMG |
| Roberto Rivera, | |
|     Defendant. | |

_____/

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

Based solely on allegations of post-judgment conduct by the Debtor, Dr. Roberto Rivera ("Dr. Rivera"), Frost Bank f/k/a The Frost National Bank ("Frost

Bank") seeks a determination that its judgment against Dr. Rivera is excepted from any discharge that may be granted to Dr. Rivera in this bankruptcy case.[1] Dr. Rivera moved to dismiss Frost Bank's Complaint with prejudice for failure to state a claim upon which relief may be granted[2] under Federal Rule of Civil Procedure 12(b)(6),[3] arguing the judgment itself was not for a debt obtained by false pretenses, a false representation, or actual fraud, and was not for willful and malicious injury. Upon review of the Complaint, the Motion to Dismiss, *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Complaint with Prejudice* (the "Response"),[4] and Dr. Rivera's *Reply in Support of Motion to Dismiss Complaint with Prejudice* (the "Reply"),[5] and for the reasons discussed below, the Motion to Dismiss will be granted, and Frost Bank's Complaint will be dismissed with prejudice.

## Standard for Dismissal Under Rule 12(b)(6)

To avoid dismissal, a complaint must state a claim for relief that is "plausible on its face."[6] The plaintiff must plead sufficient facts – which the court must accept as true at this stage[7] – to allow the court "to draw the reasonable inference"[8] of a

---

[1] *Complaint Objecting to the Dischargeability of Debtor's Debt to Frost Bank and For Judgment Thereon* (ECF No. 1) (the "Complaint").

[2] *Motion to Dismiss Complaint with Prejudice* (ECF No. 11) ("Motion to Dismiss").

[3] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.

[4] ECF No. 21. In the Response, Frost Bank also seeks permission to amend the Complaint should the Court find that it does indeed fail to state a cause of action (the "Motion to Amend"). *Id.* at 11.

[5] ECF No. 24.

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Id.* (citing *Twombly*, 550 U.S. at 555-56).

defendant's liability. But allegations containing only "'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action,"[9] and "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts,"[10] will not suffice. If the "well-pleaded facts do not permit the court to infer more than the mere possibility" of liability, the complaint must be dismissed.[11]

In determining whether the well-pleaded facts state a claim for relief, the court generally may only consider the complaint and documents attached thereto.[12] The court must then determine, based on "judicial experience and common sense," whether the well-pleaded facts in the complaint present a plausible claim for relief.[13] But if the complaint's allegations fail to "nudge" the claims "across the line from conceivable to plausible," the court must dismiss the complaint.[14]

## Facts Accepted As True

Frost Bank obtained a Texas state court judgment against Dr. Rivera from the 191st Judicial District in Dallas County, Texas on December 30, 2009[15] (the "Judgment"). Frost Bank later recorded the Judgment in the Circuit Court for Broward County, Florida on April 30, 2010.[16] Then, beginning in April of 2019, Frost

---

[9] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[10] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

[11] *Id.*

[12] *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

[13] *Iqbal*, 556 U.S. at 679.

[14] *Twombly*, 550 U.S. at 570.

[15] Compl. ¶ 8.

[16] *Id.*

Bank commenced litigation on multiple fronts in aid of execution on the Judgment,[17] including serving several writs of garnishment and obtaining a writ of execution to levy on a Mercedes-Benz.[18] Frost Bank alleges that Dr. Rivera attempted to thwart its efforts by, among other things, submitting false affidavits, fraudulently converting assets, and asserting an allegedly false claim of exemption.[19]

### Frost Bank's Argument

Frost Bank concedes that Dr. Rivera's underlying debt to it was not obtained by fraud.[20] Nevertheless, Frost Bank contends that Dr. Rivera's post-judgment actions render the Judgment debt non-dischargeable under 11 U.S.C. § 523(a)(2)(A) as part of a post-judgment fraudulent transfer "scheme,"[21] and under 11 U.S.C. § 523(a)(6) because this alleged fraudulent transfer scheme resulted in willful and malicious injury by Dr. Rivera to Frost Bank.[22]

### Analysis

Under section 523(a)(2)(A), a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . ." is not dischargeable.[23] According to Frost Bank, Dr. Rivera's alleged scheme to thwart Frost Bank's

---

[17] *Id.* ¶ 9.

[18] *Id.* ¶ 10.

[19] *Id.* ¶ 11; *see generally id.* ¶¶ 14-61.

[20] Resp. 6.

[21] *Id.*

[22] *Id.* at 8.

[23] 11 U.S.C. § 523(a)(2)(A).

collection efforts – including submission of false affidavits, fraudulently converting assets, and asserting an allegedly false claim of exemption[24] – constitutes "actual fraud" under the statute, rendering the debt non-dischargeable.[25]

In support of its contention, Frost Bank relies on the Supreme Court's decision in *Husky International Electronics, Inc. v. Ritz*.[26] In *Husky*, Husky International Electronics, Inc. sold products to Chrysalis Manufacturing Corp., but Chrysalis failed to pay Husky for the products.[27] Daniel Lee Ritz, Jr., a director and owner of at least 30% of Chrysalis's common stock, drained Chrysalis of assets – which could have been used to pay the debt to Husky – by transferring large sums of money to other entities Mr. Ritz controlled.[28] Husky then sued Mr. Ritz under a Texas law[29] that permits creditors to hold shareholders liable for corporate debts.[30] Mr. Ritz subsequently filed for bankruptcy, and Husky sought a determination that its claim against Mr. Ritz was not dischargeable under section 523(a)(2)(A).[31]

The issue before the Supreme Court was whether section 523(a)(2)(A) requires a misrepresentation or misleading omission for a debt to be non-dischargeable.[32]

---

[24] *See generally* Compl. ¶¶ 14-61.

[25] Resp. 6.

[26] 136 S. Ct. 1581 (2016)

[27] *Husky*, 136 S. Ct. at 1585.

[28] *Id.*

[29] Tex. Bus. Orgs. Code Ann. § 21.223(b) (West 2012).

[30] *Husky*, 136 S. Ct. at 1585.

[31] *Id.*

[32] *Id.* at 1585.

Husky contended section 523(a)(2)(A) was not so limited, and that the fraudulent transfers (from Chrysalis to Mr. Ritz's other entities) also constituted "actual fraud" for purposes of section 523(a)(2)(A).[33] The Supreme Court agreed with Husky, and held that the term "actual fraud" as used in section 523(a)(2)(A) is not limited to misrepresentations or misleading omissions, but may also encompass fraudulent transfer schemes – even those that do not involve a false representation.[34]

But this holding is not as broad as Frost Bank would like it to be. "*Husky* stands for the narrow proposition that a material misrepresentation by a debtor is not required to support a claim of actual fraud."[35] *Husky* did not, however, eliminate the requirement that the debt itself be "obtained by" actual fraud.[36] In *Husky*, the debt "obtained by" actual fraud was Mr. Ritz's liability to Husky under Texas law[37] for causing Chrysalis to be used to perpetrate an actual fraud on Husky.[38] Here, the debt at issue is the Judgment against Dr. Rivera in favor of Frost Bank. There is no question that – notwithstanding the allegations of fraud post-judgment – the Judgment itself was not for a debt obtained by fraud. And because the Judgment was

---

[33] *Id.*

[34] *Id.* at 1590.

[35] *Walker v. Vanwinkle (In re Vanwinkle)*, 562 B.R. 671, 677 (Bankr. E.D. Ky. 2016)

[36] *BancorpSouth Bank v. Shahid (In re Shahid)*, Adv. Proc. No. 16-03009, 2016 WL 11003505, at *3 (Bankr. N.D. Fla. Nov. 3, 2016).

[37] Tex. Bus. Orgs. Code Ann. § 21.223(b) (West 2012).

[38] *See Shahid*, 2016 WL 11003505, at *3 (noting the debtor's liability in *Husky* "arose not from the original debt but his later fraudulent transfers").

not for a debt obtained by fraud, section 523(a)(2)(A) does not render it non-dischargeable.[39]

Frost Bank's allegations of post-judgment fraud also do not render its Judgment a non-dischargeable debt for willful and malicious injury. Under section 523(a)(6), a debt for "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable.[40] To be non-dischargeable under section 523(a)(6), an injury "must be both willful and malicious"; reckless or negligent conduct is not sufficient.[41] "The plaintiff must show either that the defendant intended to cause the injury itself or that the defendant acted intentionally and the act in question was certain or substantially certain to result in the injury."[42] "Malice can be implied when a debtor commits an act that is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will.'"[43] Finally, the plaintiff must show that the debt *arose from* a "malicious" injury.[44]

Here again, the Complaint contains no allegations that the Judgment debt itself arose from a willful and malicious injury by Dr. Rivera to Frost Bank or its

---

[39] *See id.* (dismissing complaint seeking determination of dischargeability of judgments that arose from a guaranty of promissory notes, notwithstanding allegations of later transfers and other actions taken to avoid collection); *Vanwinkle*, 562 B.R. at 678-79 (dismissing with prejudice complaint seeking determination of dischargeability of award of contract damages, notwithstanding allegations of post-judgment fraud).

[40] 11 U.S.C. § 523(a)(6).

[41] *In re Eliopoulos*, No. 11-19665-EPK, 2013 WL 3941380, at *3 (Bankr. S.D. Fla. July 29, 2013) (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).

[42] *Id.*

[43] *Id.* at *4 (quoting *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 549 (11th Cir. 2008)).

[44] *Id.* at *3.

property. Instead, the allegations pertain solely to Dr. Rivera's post-judgment activities. Where the injury alleged did not give rise to the debt at issue, however, section 523(a)(6) does not render the debt non-dischargeable.[45] And again, here, the injuries alleged all occurred after the debt was incurred. Accordingly, Dr. Rivera's alleged actions taken to thwart collection – even if willful and malicious – do not render the Judgment non-dischargeable.

### Dismissal with Prejudice

This Court's briefing order with respect to the Motion to Dismiss[46] clearly provided that if Frost Bank wished to request leave to amend its Complaint, it must file *together with its response to the Motion to Dismiss* a motion for leave to amend under Federal Rule of Civil Procedure 15(a),[47] along with a proposed amended complaint and a redlined comparison indicating the changes. The Briefing Order further stated that "**failure to file a motion for leave to amend along with any response to the Motion [to Dismiss] constitutes a waiver of the right to request leave to amend and, if the Motion [to Dismiss] is granted, may result in dismissal of the action with prejudice.**"[48]

---

[45] *In re Kirwan*, 558 B.R. 9, 13 (Bankr. D. Mass. 2016) (debtor's efforts to thwart post-judgment collection did not render the debt one for willful and malicious injury); *Vanwinkle*, 562 B.R. at 679 (allegations of willful and malicious post-judgment conduct did not render debt nondischargeable under section 523(a)(6)); *Shahid*, 2016 WL 11003505, at * 2 ("[H]indering the bank's inchoate 'right to recover' or 'right to collect' does not constitute a separate injury to it or its property under § 523(a)(6).").

[46] *Order Continuing Pretrial Conference and Setting Briefing Schedule on Motion to Dismiss* (ECF No. 12) (the "Briefing Order").

[47] Made applicable here by Fed. R. Bankr. P. 7015.

[48] Briefing Order 2-3 (emphasis in original).

Rather than comply with the Briefing Order and Rule 15(a), Frost Bank instead included one sentence in its Response requesting permission to amend its Complaint in the event the Court were to grant the Motion to Dismiss for failure to state a claim.[49] But the Court is not required to grant leave to amend *sua sponte*,[50] and Frost Bank has not moved for leave to amend under Rule 15(a) in accordance with the Briefing Order. Regardless, because the legal issues are dispositive here, any further amendment would be futile. Accordingly, the Motion to Dismiss will be granted with prejudice. It is therefore

  **ORDERED:**

  1.  The Motion to Dismiss is **GRANTED.**

  2.  The Complaint is **DISMISSED WITH PREJUDICE.**

###

Copies furnished to:

All interested parties by Clerk of Court

---

[49] Resp. 11.

[50] *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *see also Malivuk v. Ameripark, LLC*, 694 Fed. App'x 705, 710 (11th Cir. 2017) (affirming a district court's denial of leave to amend where the plaintiff sought leave to amend in a footnote contained in her response to a motion to dismiss); *Perlman v. Bank of Am., N.A.*, 561 Fed. App'x 810, 814 (11th Cir. 2014) (affirming a district court's denial of leave to amend where the plaintiff sought leave to amend in a footnote contained in his response to a motion to dismiss, which failed to indicate what additional facts the plaintiff intended to allege in a proposed amended complaint); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 n.9 (11th Cir. June 1, 2020) (affirming dismissal with prejudice of complaint where plaintiff first suggested in supplemental briefing on appeal that he should be given leave to amend to assert additional facts to avoid dismissal).